IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-CV-19-MOC-WCM

| | |
|---|---|
| SARAH S. VIOLA, | ) |
| Plaintiff, | ) |
| | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| v. | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on the parties' cross motions for summary judgment (Docs. 9 & 11), which have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).

## I. Procedural Background

On March 10, 2016, Plaintiff filed an application for supplemental social security benefits, alleging that her disability began on that same date. Transcript of Administrative Record ("AR") pp. 173-185. Following denial of Plaintiff's claims on initial review and reconsideration, a hearing was held on September 27, 2018, where Plaintiff appeared and testified. AR pp. 33-63.

On December 31, 2018, the Administrative Law Judge ("ALJ") issued an unfavorable decision. AR pp. 12-32. The Appeals Council denied Plaintiff's request for review of that decision and on January 20, 2020, Plaintiff timely filed the instant action. AR pp. 1-6; Doc. 1. Accordingly, the ALJ's decision is

1

the Commissioner's final decision for purposes of judicial review. See 20 C.F.R. § 404.981.

## II. The Five-Step Process

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. In this process, the Commissioner considers each of the following: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the impairments listed in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520, 416.920; Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001); Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (per curiam).

The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant

is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

### III. The ALJ's Decision

The ALJ determined that Plaintiff had the severe impairments of diabetes mellitus, asthma, obesity, affective disorder, anxiety disorder, and personality disorder. AR p. 17. Additionally, the ALJ found that Plaintiff had "moderate" limitations in all four broad areas of mental functioning, (i.e., understanding, remember, or applying information; interacting with others; concentrating, persisting, or maintaining pace; adapting or managing oneself.). AR p. 22. The ALJ further found that Plaintiff had the RFC to perform

> medium work, as defined in 20 C.F.R. 416.967(c), except she can have frequent exposure to pulmonary irritants and workplace hazards. She is limited to simple, routine tasks performed two hours at a time. She can have occasional interaction with the public, coworkers and supervisors.
>
> AR p. 23.

Applying this RFC, the ALJ found that Plaintiff was unable to perform her past relevant work, but that she could perform representative jobs that existed in significant numbers in the national economy, and therefore was not disabled since March 10, 2016 (the date of her application). AR p. 28.

### IV. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006) (quoting Mastro, 270 F.3d at 176). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

### V. Analysis

Plaintiff argues that the ALJ did not account adequately for her moderate limitations in concentration, persistence, and pace when developing

her RFC and that a hypothetical question posed to the Vocational Expert ("VE") did not reflect her functional limitations.

### A. Plaintiff's RFC

An ALJ that finds a plaintiff has moderate limitations in concentration, persistence, or pace is not automatically required to include a corresponding limitation in the RFC. Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020). Rather, the ALJ has two options. The ALJ may either (1) include additional limitations in the claimant's RFC to account adequately for the particular mental limitations, see e.g., Chesterfield v. Saul, 1:19-cv-90-MR, 2020 WL 249453, at * 3 (W.D.N.C. Jan. 15, 2020) (citing Davis v. Saul, No. 3:18-CV-00367-MR, 2019 WL 4233553, at *3 (W.D.N.C. Sept. 5, 2019) (citing Williams v. Berryhill, No. 1:16-CV-00064-MR, 2017 WL 927256, at *6 (W.D.N.C. Mar. 8, 2017)) (finding that an RFC limited to simple, routine tasks or unskilled work in a low stress or non-production environment, without more, does not adequately account for moderate limitations in concentration, persistence, and pace), or, in the alternative, (2) explain the decision not to limit Plaintiff's RFC further. Shinaberry, 952 F.3d at 121 (explaining that Mascio did not impose a categorical rule requiring a specific RFC regarding concentration, persistence, or pace and stating that an ALJ could explain why such a limitation was not necessary); Rivera v. Berryhill, No. 3:17-CV-00376-GCM, 2019 WL 355536, at *2 (W.D.N.C. Jan. 29, 2019).

5

In this case, the ALJ chose the second option, explaining that Plaintiff had made "significant progress in her mental status since her final divorce" and finding that "the RFC accounts for the claimant's mental impairments and attendant symptoms…by limiting her to performing only simple, routine tasks performed two hours at a time, and by significantly limiting around whom such work can be performed." AR p. 25.

Substantial evidence supports the ALJ's development of Plaintiff's RFC, and the ALJ adequately explained the basis of her RFC determinations. In particular, the ALJ explained that although Plaintiff had been hospitalized twice in 2013 and once in 2014, the record showed Plaintiff was experiencing marital discord during the time of those hospitalizations, and that after her divorce, there was no evidence of additional hospitalizations. AR p. 24; see also AR pp. 17-18 (discussing hospital records from 2013 and 2014). Additionally, the ALJ explained that treatment records from 2016 through 2018 reflected that Plaintiff's attention span, concentration, and mood were generally normal. AR p. 25; see also AR p. 19 (discussing treatment records (AR pp. 535, 537, 554, 580, 585) reflecting Plaintiff's normal mood, attention, and concentration, and that Plaintiff seemed to be doing well after getting her final divorce.).

Additionally, in developing Plaintiff's RFC, the ALJ considered and adequately explained the weight assigned to various opinion evidence. The ALJ gave "partial weight" to a Clinical Psychological Evaluation that was

6

conducted by Dr. Karen Marcus in September 2016 wherein Dr. Marcus found that Plaintiff

> has mild to moderate problems with attention/concentration. 2) She did not seem to have any problems understanding instructions and there were no indications that she would have any difficulties retaining and following instructions. 3) Her history and problems suggest that she has a mild problem in dealing with stress. 4) She showed a mild problem in her ability to handle everyday stress in the workplace. 5) She did not show any difficulties that would suggest she would have any problems managing her finances. 6) She did report a history of difficulties in getting along with others and this is likely to be a significant problem in her being able to maintain work

AR p. 25 (citing AR pp. 499-504).[1]

The ALJ accounted for Plaintiff's limitation in getting along with others, as noted by Dr. Marcus, by limiting her to "occasional interaction with the public, co-workers and supervisors." AR p. 23.

In addition, the ALJ gave "great weight" to the opinion of Dr. Keith Noles, Ph.D. who found that Plaintiff was capable of performing simple, routine, repetitive tasks but "may be better suited for positions in low stress environments w/ limited social demands." AR p. 26 (citing AR p. 77) and "great weight" to the mental assessment by the Disability Determination physician,

---

[1] The ALJ explained that Dr. Marcus' opinions were given "partial weight" because she was a specialist familiar with Social Security Administration standards but only examined Plaintiff on one occasion. AR p. 26.

Rena Popma, who found that Plaintiff "is able to persist at tasks that can be learned in one to three months on the job with limited interpersonal contact." AR p. 26 (citing AR p. 94).[2]

The undersigned finds that the ALJ adequately explained her decision not to include additional functional limitations related to Plaintiff's ability to concentrate, persist, or maintain pace in Plaintiff's RFC.

### B. Hypothetical Question to VE

Plaintiff also argues that the ALJ was required to include additional limitations in a hypothetical question to the VE in order to account for Plaintiff's moderate limitations in concentration, persistence and pace.

The ALJ asked the VE to "assume that this hypothetical individual is limited as follows. Hypothetical number one is medium work, except this hypothetical individual could have frequent exposure to pulmonary irritants and workplace hazards. She would be further limited to simple routine tasks performed two hours at a time, and occasional interaction with the public, co-workers and supervisors." AR p. 61. This hypothetical question posed to the VE at the hearing therefore mirrored the RFC included later in the ALJ's Decision.

As discussed above, substantial evidence supports the ALJ's

---

[2] Additionally, the ALJ assigned "limited weight" to the opinion of Dr. Lowe-Hoyte, explaining that Dr. Lowe-Hoyte's records were "brief," did not "show evidence of engaged counseling," and reflected Plaintiff's subjective complaints. AR pp. 24-25.

development of Plaintiff's RFC, and "a hypothetical question is unimpeachable if it 'adequately reflect[s]' a residual functional capacity for which the ALJ had sufficient evidence." Fisher v. Barnhart, 181 Fed. Appx. 359, 364 (4th Cir.2006) (unpublished) (citing Johnson v. Barnhart, 434 F.3d 650, 659 (4th Cir.2005) (alterations in original).

Accordingly, the undersigned does not conclude that remand is needed on this basis.

## VI. Recommendation

Considering the foregoing, the undersigned **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Doc. 9) be **DENIED** and that the Commissioner's Motion for Summary Judgment (Doc. 11) be **GRANTED.**

Signed: October 21, 2020

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).